**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-50913

(Summary Calendar)

_____

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

versus

OTONIEL DE JESUS MUNOZ-MORA,

                    Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(EP-95-CR-616-1)
June 13, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Otoniel Munoz-Mora was arrested for importation and possession of twenty-six pounds of cocaine.  At the time of the arrest, United States Customs Service agents seized various personal items and currency from Munoz.  Munoz pleaded guilty to possession of cocaine with intent to distribute, and he was subsequently sentenced to a term of imprisonment of fifty-two months.

     Several months after he was sentenced, Munoz filed a pleading entitled "RETURN OF ALL PROPERTY," in which he sought the return,

_____

[*]      Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure, of currency and a number of property items, including a resident card and a Colombian passport. Munoz argued that the United States currency the government seized was from the sale of his personal car. The government responded that the currency was the proceeds of drug trafficking and Munoz had forfeited it under 18 U.S.C. § 981 and various accompanying provisions. The government also asserted that it had forwarded Munoz's resident card and passport to the Immigration and Naturalization Service to be used as evidence in a deportation or exclusion proceeding, and sent his remaining property to his counsel's office. Finally, the government contended that Munoz had failed to pursue his administrative remedies during the forfeiture proceedings. The district court agreed with the government. It denied Munoz's motion and dismissed his claims. Munoz wishes to appeal the district court judgment, and seeks leave from this court to proceed in forma pauperis ("i.f.p.").

Because Munoz has received all the personal items the government seized to which he is entitled, we need only consider the currency the government confiscated and forfeited. The government avers that it followed all applicable procedural requirements for an administrative forfeiture of this money. Munoz does not disagree. Indeed, Munoz concedes in his appellate brief that he received three notifications from the government regarding the possible forfeiture of the seized currency and he turned all of

these over to his counsel. Neither Munoz nor his counsel ever contested the forfeiture action.

Once an administrative forfeiture is completed, we lack subject matter jurisdiction to review the forfeiture except for failure to comply with procedural requirements or to comport with due process. *United States v. Schinnell*, 80 F.3d 1064, 1069 (5th Cir. 1996). Since there is no indication that the government did not follow the applicable procedural standards for administrative forfeitures or that it violated Munoz's due process rights, it is clear that we lack subject matter jurisdiction over Munoz's appeal. Therefore, we need not consider Munoz's i.f.p. application.

APPEAL DISMISSED, I.F.P. APPLICATION DISMISSED.